IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| David Ceasar, | ) | C/A No. 9:05-2764-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER and OPINION** |
| | ) | |
| John Ozmint, Commissioner of SCDC; | ) | |
| Warden W. White of Broad River | ) | |
| Correctional Institute ("BRCI"); | ) | |
| Assistant Warden Weedon of BRCI; | ) | |
| Lt. Hudson of BRCI; Sgt. Adams | ) | |
| of BRCI; Cpl. Bailey of BRCI; | ) | |
| Mr. Jones of BRCI; | ) | |
| and DHO J.C. Brown of BRCI, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Plaintiff David Caesar is an inmate at the Broad River Road Correctional Institute in Columbia, South Carolina ("BRCI"). Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, asserting that Defendants violated his rights protected by the United States Constitution when they tested him for drugs in accordance with prison policy. Complaint, 3-4. Additionally, Plaintiff appears to argue that Defendants engaged in a conspiracy to violate his rights in violation of South Carolina law. Id. at 4-6. This case was originally filed in state court and was removed by Defendants to this court on September 23, 2005.

This matter is before the court on Defendants' motion for summary judgment filed on December 22, 2005 and Plaintiff's motion for summary judgment filed on January 9, 2006. By order filed December 28, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 9, 2006, Plaintiff filed a response in opposition to Defendants'

motion for summary judgment. Defendants filed a response in opposition to Plaintiff's motion for summary judgment on January 27, 2006.

In accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge George Kosko for pretrial handling. The Magistrate Judge filed a Report and Recommendation on April 10, 2006 in which he recommended that summary judgment be granted in favor of Defendants.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff filed an "Amending Opposition to Motion for Summary" on April 14, 2006. See Plaintiff's Amending Opposition (ECF Entry 14)[1]. Though Plaintiff does not directly address the recommendations of the Magistrate Judge in this filing, Plaintiff does challenge arguments raised by Defendants and ultimately adopted by the Magistrate Judge. Id. The filing of this document

---

[1] The clerk's office titled Plaintiff's "Amending Opposition" as "Amended Response in Opposition re Motion for Summary Judgment."

came after the Magistrate Judge issued a Report and Recommendation and within the time period for the filing of objections detailed in the Report and Recommendation. See Report and Recommendation, 20. Accordingly, the court will treat Plaintiff's filing on April 14, 2006 (hereinafter "Plaintiff's Objections") as objections to the Report and Recommendation of the Magistrate Judge.[2]

In his Report and Recommendation, the Magistrate Judge recommended a finding that Defendants are entitled to qualified immunity. Report and Recommendation, 17. Plaintiff does not challenge the Magistrate Judge's determination on the merits of Defendant's qualified immunity defense. However, Plaintiff argues that by removing the case to federal court, "Defendants have waived qualified immunity in this case . . . ." Plaintiff's Objections, 1. The court disagrees.

Defendants removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.[3] The removal of this case to federal court does not waive Defendant's right to raise a defense of qualified immunity. However, qualified immunity is an affirmative defense that can be waived by Defendants if not properly pleaded. See Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir.1993). Defendants

---

[2] Defendants filed a "Supplemental Response to Report and Recommendation of the Magistrate Judge" on April 21, 2006. See Defendant's Response to Report and Recommendation (ECF 15-1). Defendants did not challenge the ultimate recommendation of the Magistrate Judge but objected to language contained in a footnote of the Report and Recommendation. Id. at 1. Plaintiff subsequently filed an "Objection to Defendant's Supplemental Response to the Report and Recommendation of the Magistrate Judge" on May 8, 2006. See Plaintiff's Objections to Defendant's Supplemental Response, 1-3 (ECF Entry 16). Aside from the different title, this filing was identical to Plaintiff's "Amended Response" filed on April 14, 2006.

[3] Plaintiff's claims are properly before the court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1443 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

raised the defense of qualified immunity in their answer and thus have not waived their right to assert this defense.  See Answer, 4 ¶ 24.  Plaintiff's objection is without merit.

Plaintiff also argues that by removing the case to federal court, Defendants have waived any argument that they are entitled to Eleventh Amendment immunity.  Plaintiff's Objections, 1-2.  The Magistrate Judge correctly noted that Plaintiff's claims against Defendants sued in their official capacity actually represent claims against the State of South Carolina.  Report and Recommendation, 13 (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)).  Because the State of South Carolina and its agencies are not "persons" for purposes of 42 U.S.C. § 1983, they are not subject to suit under § 1983.  Lapides v. Board of Regents of University System of GA, 535 U.S. 613, 617 (2002).[4]  Accordingly, the court concurs with the recommendation of the Magistrate Judge and finds Plaintiff's objection to be without merit.[5]

The remainder of Plaintiff's Objections fail to draw the court to a specific error in the Magistrate Judge's Report and Recommendation and thus represent only general and conclusory allegations.  Accordingly, the court is not obligated to conduct a *de novo* review.  See Orpiano, 687

---

[4] In his objections, Plaintiff overstates the breadth of the Supreme Court's holding in Lapides.  "Lapides addresses whether a state that removes an action to federal court having already consented to suit in its own courts can invoke Eleventh Amendment immunity . . . ."  Stewart v. North Carolina, 393 F.3d 484, 488 (4th Cir. 2005).  However, the Supreme Court explicitly limited its holding in Lapides "to the context of *state-law claims*, in respect to which the State has explicitly waived immunity from *state-court proceedings*."  Lapides, 535 U.S. at 617 (emphasis added).  Here, Defendants are arguing Eleventh Amendment immunity with respect to Plaintiff's federal law claims.  Plaintiff's argument is without merit.

[5] To the extent Defendants are sued in their individual capacities, the Magistrate Judge correctly recommended a finding that Defendants are entitled to qualified immunity because Plaintiff has failed to establish a violation of his constitutional rights.  See Report and Recommendations, 17.

F.2d at 47-48. Though not obligated, the court has thoroughly reviewed the record and applicable law and concurs with the Magistrate Judge's recommendation that summary judgment should be granted in favor of Defendants with respect to Plaintiff's federal law claims and rules that the suit should be counted as a "strike" under 28 U.S.C. § 1915.

The court next turns to any claims remaining under South Carolina state law. Title 28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction . . .[if] the district court has dismissed all claims over which it has original jurisdiction . . . ." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 n.15 (4th Cir. 2002). Having disposed of Plaintiff's federal law claims, the court declines to exercise jurisdiction over Plaintiff's remaining state law claims and orders that any state law claims be dismissed without prejudice.

## CONCLUSION

The court concurs with the recommendation of the Magistrate Judge and **grants** Defendants' motion for summary judgment as to all of Plaintiff's federal law claims (ECF Entry 6). The court **denies** Plaintiff's motion for summary judgment (ECF Entry 8). Plaintiff's complaint is a "strike" under 28 U.S.C. § 1915. All claims against Defendants based in state law are **dismissed** without prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

June 19, 2006
Columbia, South Carolina